```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JAN C. VAZQUEZ, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action |
| v. | No. 16-cv-06823(JBS-AMD) |
| CAMDEN COUNTY JAIL, | OPINION |
| Defendant. | |

APPEARANCES

Jan C. Vazquez
Plaintiff Pro Se
2 Russel Avenue
Merchantville, NJ 08109

**SIMANDLE, Chief District Judge:**

    1.    Plaintiff Jan C. Vazquez seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

    2.    Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.  First, the Complaint must be dismissed with prejudice as to claims made against the CCJ because defendant is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, No. 16-3412, 2016 WL 6134846, at *2 (3d Cir. Oct. 21, 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

4.  Second, for the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

5.  The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

6.  To survive *sua sponte* screening for failure to state a claim, the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

    7.   With respect to alleged facts giving rise to his claims, Plaintiff's Complaint states: "I was in the County Jail of on since [*sic*] 2000, 2001, 2005, 2006, 2009, 2013, and 2016. They put me in a room with 3 to four people. I slept on the floor next to the toilet and got sick got bit by a spider and they waited to[o] long to give me medical attention almost die and they didn't care treating me like am trash and showing me no respect. Alot of us was [*sic*] treated like dogs worst [*sic*] then [*sic*] dogs like shit." Complaint § III(C).

    8.   With respect to alleged injuries from the events giving rise to claims made in his Complaint, Plaintiff states: "Get bitting [*sic*] by a sipder [*sic*][.] [N]o medical treatment

3

till like 3 weeks later[].] [T]hen I got sick almost die [*sic*]. [T]hey let it get worst [*sic*] like they didn't care." *Id*. § IV.

9.   Plaintiff does not quantify specifically the relief he seeks: "I want the courts to look over all the time I was there. [R]espect me like I'm a human being not a[n] animal to help me claim my health and like back to sue the county jail and pay for my pain and suffering." *Id*. § V.

10.   Plaintiff's claims must be dismissed because the Complaint does not set forth enough factual support for the Court to infer that a constitutional violation has occurred.

11.   The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the

4

conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

    12.  There are also not enough facts for the Court to infer Plaintiff was denied adequate medical care. In order to set forth a cognizable claim for violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). A mere assertion that Plaintiff was not given medication is insufficient to meet the pleading standard in the absence of any facts. Complaint § IV ("Get bitting [*sic*] by a sipder [*sic*][.] [N]o medical treatment till like 3 weeks later[].]"). If Plaintiff wishes to pursue this claim, Plaintiff should provide in an amended complaint sufficient facts supporting both of the requirements of an inadequate medical care claim.

13. Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[1]

14. Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.[2]

---

[1] The amended complaint shall be subject to screening prior to service.

[2] To the extent the Complaint seeks relief for conditions Plaintiff encountered during confinements prior to October 10, 2014, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement at CCJ would have been immediately apparent to Plaintiff at the time of his detention. With respect to dates and times of the purported events giving rise to his claims, Plaintiff's present Complaint states: "A lot of years. Morning time, mid day, night times[,] all types of hours." Complaint § III(B). In the event Plaintiff elects to file an amended complaint, he should focus on facts of

15.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

16.  For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCJ; and (b) dismissed without prejudice for failure to state a claim.

17.  An appropriate order follows.

**February 1, 2017**        **s/ Jerome B. Simandle**
Date                        JEROME B. SIMANDLE
                            Chief U.S. District Judge

---

his confinement that occurred within the statute of limitations, if any.